[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant, whose maiden name was Cogan, and the plaintiff, intermarried at Killingly, Connecticut on June 17, 1972; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children, issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation. During the marriage the parties had two children who are now adults.
The plaintiff testified that the breakdown of the marriage, which occurred ten years after the marriage, was caused by a lack of communication and any physical relationship between the parties which resulted in the parties drifting apart and which caused him to feel lonely. However, he never told defendant of his feelings nor did he attempt to arrange counseling for the parties in an effort to save the marriage.
During the marriage plaintiff began a relationship with Pamela Gocka, a housekeeper at Norwichtown Rehab and Care Center where plaintiff was employed. In November 1996, after the defendant received a phone call advising that plaintiff was going out with a housekeeper, plaintiff left CT Page 7488 the marital home, never returned and took up occupancy with Pamela Gocka with whom he presently resides.
The defendant admits that the marriage had problems because both parties were overworked and had no time for each other. However, notwithstanding her knowledge of plaintiff's involvement with Pamela-Gocka, defendant did not want to dissolve the marriage.
It is obvious from the testimony of the plaintiff that the marriage has broken down irretrievably with no hope for reconciliation. I find the plaintiff more at fault for the breakdown of the marriage.
The plaintiff, who was born July 12, 1949, appears to be in good health. He has a high school and trade school education. For years he was employed at the Norwich Rehab and Care Center (Norwich Rehab) as a maintenance supervisor earning approximately $42,000.00 per year. Because of stress and constant problems with Mrs. Clark, the administrator at Norwich Rehab, he voluntarily left his employment in July 1999. (See Defendant's Exhibit A.) When he left, plaintiff took his 401K of $12,181.48 with him. (See Plaintiff's Exhibit 2.)
In August 1999 plaintiff became employed at Douglas Manor, Windham, Connecticut doing similar employment for a gross weekly wage of $650.00 per week or about $33,800.00 per year.
The defendant, who was born on March 22, 1949, appears to be in good health. During the marriage she held various types of employment. She operated a beauty salon, sold Avon products and worked as a cook on a part-time basis at Rincalli Health Care Center where she was guaranteed 12 hours per week earning $13.95 per hour. She also does some hairdressing earning about $75.00 per week. The defendant also has a net rental weekly income of approximately $139.00 per week from real estate located at Franklin Street, Danielson, Connecticut. According to her financial affidavit, she has a net weekly income of approximately $355.90.
The parties jointly own a marital home located at 11 Hartshorn Street, Danielson, Connecticut which is valued at $127,500.00 and which is subject to a first mortgage with a balance of $86,000.00. Defendant's parents loaned the parties $30,000.00 to purchase this property. They also own a rental property located at Franklin Street, Danielson, Connecticut which they purchased ten to twelve years ago for $120,000.00.
The Franklin Street property consists of two apartments and a beauty salon facility. However, the beauty salon has not been rented for over CT Page 7489 two years. The two apartments produce a gross monthly rent of $925.00 which defendant claims nets her about $139.00 per week. The defendant would like to sell the property, pay off the expenses and divide the net proceeds with the plaintiff.
Presently the parties disagree as to its value. Plaintiffs expert claims the present market value is $65,000.00. (Defendant's Exhibit J.) Defendant's expert claims the present market value is $91,000.00. (Plaintiff's Exhibit 6.)
In addition, defendant owns real estate located at 125 Reynolds Street, Danielson, Connecticut which has a fair market value of $35,000.00 and which is subject to a life use in her father. She also owns 13 Woodward Street, Danielson which she received from her uncle. However, he now requests that she deed the property back to him. Defendant claims she may do so. Said property is valued at $70,000.00. Plaintiff makes no claim to either of these properties.
The parties jointly own a James Montgomery Scott, IRA, valued at $23,052.05 as of March 31, 2000. (Plaintiff's Exhibit 1).
The plaintiff owns a James Montgomery Scott IRA in the amount of $77,605.42 and $23,202.26 (Plaintiff's Exhibits 3 and 4); a Manulife Financial 401K valued at $12,181.48 (Plaintiff's Exhibit 2) and two Charter Oak accounts valued at $11,860.00 and $9,007.00 (Plaintiff's Exhibit 5).
The defendant has two Savings Institute checking accounts and a New London Trust Savings account in the total sum of $910.00 and a Charter Oak Federal Credit Union account of $6,027.00.
The parties had a Fleet Bank account of about $5,000.00 which plaintiff took and withdrew the funds. Defendant wants her one-half.
The parties have not yet received their 1999 Federal and Connecticut Income Tax refunds of $1,576.00. When received, said refund shall be divided equally between the parties.
The plaintiff is $1,150.00 in arrears on alimony payments to the defendant.
There are also miscellaneous household furniture and appliances.
After considering all of the factors in Connecticut General Statutes §§ 46b-62, 66a, 81 and 82 and in light of the evidence and my findings, judgment is entered dissolving the marriage of the parties on CT Page 7490 the ground of irretrievable breakdown. It is further ordered:
1. The plaintiff shall transfer to the defendant all of his right, title and interest in the real estates located at 11 Hartshorn Street and 70 Franklin Street in Danielson, Connecticut. The defendant shall assume and pay all mortgages and liens on said property and hold the plaintiff harmless. Further she shall pay all taxes and expenses of ownership of said properties.
2. The plaintiff and defendant shall divide all the James Montgomery Scott IRA (Plaintiff's Exhibits 1, 3 and 4); the Manulife Financial 401K (Plaintiff's Exhibit 2) and the two Charter Oak accounts (Plaintiff's Exhibit 5); the defendant's two savings accounts, Institute checking accounts, a New London Trust Savings account and a Charter Oak Federal Credit Union account (see defendant's financial affidavit), 55% to the plaintiff and 45% to the defendant.
The transfer to the defendant where necessary shall be by way of a Qualified Domestic Relations Order or by some other means whereby no tax is levied against the plaintiff or defendant by virtue of such transfer.
3. The plaintiff shall have no interest in the real estate located at 13 Woodward Street and 125 Reynolds Street, Danielson, Connecticut.
4. The plaintiff shall pay to the defendant $2,500.00 which represents one-half of the Fleet Bank account and they shall divide equally the Income Tax refund.
5. The parties shall keep as their own the automobiles listed in their respective financial affidavits and hold the other harmless from any debts on said automobiles.
6. The defendant shall hold the plaintiff harmless on any claim by defendant's parents for repayment of the alleged $30,000.00 loan by the parents to the parties relative to the purchase of the said Hartshorn Street property.
7. The parties shall keep the personal property currently in their possession and not otherwise disposed of herein and the defendant shall keep all furnishings in the family residence except that the plaintiff may take all his tools currently stored at 11 Hartshorn Street, the cuckoo clock and stereo speakers in the living room.
8. The plaintiff shall pay to the defendant the outstanding alimony arrearage of $1,150.00 within 30 days of this decision. CT Page 7491
9. The plaintiff shall provide medical insurance to the defendant at his cost for a period of three years or until she obtains medical insurance coverage through her employment, whichever is the first to occur.
10. The plaintiff shall pay to the defendant alimony of $75.00 per week for 11 years, remarriage or cohabitation pursuant to Connecticut General Statute, whichever is the first to occur. Said alimony shall be modifiable as to amount but not as to term.
The plaintiff shall maintain his presently existing insurance on his life naming the defendant as beneficiary so long as he has an alimony obligation to her.
11. Each party shall pay their own attorney's fees.
Vasington, JTR